UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SHOVEIN,

    Plaintiff,

v.

CITY OF DETROIT,

    Defendant.
_____/

JEFFREY J. ELLISON, P.C.
BY: Jeffrey J. Ellison (P35735)
Attorney for Plaintiff
510 Highland Avenue, #325
Milford, MI 48381
(810) 632-6470
_____/

03-71313

DENISE PAGE HOOD

MAGISTRATE JUDGE CARLSON

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this complaint.

Richard Shovein states his complaint for unpaid overtime compensation as follows:

1. This Court has jurisdiction of this matter pursuant to 29 U.S.C. 216(b). Venue is proper pursuant to 28 U.S.C. Section 1391.

2. Defendant City of Detroit is an employer within the meaning of 29 U.S.C. 203(d).

3. At all times relevant to this complaint, Shovein has been continuously employed by defendant City of Detroit's Department of Water and Sewerage.

4. Shovein's employment is and at all relevant times has been subject to the overtime provisions of Section 7 of the Fair Labor Standards Act, 29 U.S.C. 207.

5. During the tenure of Shovein's employment, defendant routinely required or permitted Shovein to work in excess of 40 hours per workweek. Until early 2001, defendant paid Shovein for all such overtime hours worked at the statutory premium of one and one-half times his regular hourly rate. However, commencing in early 2001, defendant's manager began arbitrarily to refuse to pay Shovein for all such overtime hours worked, despite that Shovein was required or permitted to work the hours. Defendant's manager indicated the hours for which Shovein was to be paid by annotating Shovein's time card after each such workweek was completed.

6. Shovein repeatedly requested that he be paid the statutory rate of one and one-half times his regular hourly rate for all hours he worked in excess of 40 in a workweek. Defendant's manager expressly refused his requests.

7. The Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, obliges an employer that requires or permits an employee to work more than 40 hours in a workweek to compensate that employee at one and one-half times his regular hourly rate for all such overtime hours.

8. Where the employer willfully disregards its obligation to pay the statutory premium rate for overtime hours, it is liable to the employee for the unpaid overtime plus an additional amount equal to the unpaid overtime in the form of liquidated damages.

9. Defendant violated the FLSA by refusing to pay Shovein for all hours he worked in excess of 40 in a workweek.

10. Defendant's violation was willful.

WHEREFORE, Richard Shovein demands judgment against defendant City of Detroit as follows:

A. Compensation for all hours he worked in excess of 40 in a workweek for which he has not been paid, at one and one-half his regular hourly rate of pay;

B. An amount equal to the compensation set forth in subparagraph A., above, as liquidated damages;

C. Attorney's fees;

D. Interest as permitted by law; and

E. Such other relief as is just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

**JEFFREY J. ELLISON, P.C.**

BY: _____
Jeffrey J. Ellison (P35735)
Attorney for Plaintiff
510 Highland Avenue, #325
Milford, MI 48381
(810) 632-6470

Dated: April 3, 2003